**Billy R. McCULLERS, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 4:13cv159.**
**Criminal No. 4:07cr049.**

United States District Court,
E.D. Virginia,
Newport News Division.

Jan. 10, 2014.

Billy R. McCullers, Jr., pro se.

Howard J. Zlotnick, Laura P. Tayman, United States Attorneys Office, Newport News, VA, for Defendant.

### FINAL ORDER

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion"), and Memorandum in Support filed, *pro se,* on November 25, 2013.[1] Although Petitioner's Motion is labeled as a habeas corpus petition, it does not address his incarceration.[2]

## I. PROCEDURAL HISTORY

Following an eight-day jury trial that began on January 20, 2009,[3] the Petitioner was found guilty of all fifteen counts of the Third Superseding Indictment, consisting of various drug offenses, and attempt to intimidate witnesses.

On April 29, 2009, the court sentenced the Petitioner to a total confinement term of 1020 months of imprisonment. On April 30, 2009, the Petitioner filed a Motion to Reconsider, Recalculate and Reduce Sentence, which the court denied on May 6, 2009. The Petitioner appealed, to the United States Court of Appeals for the Fourth Circuit, which affirmed the judg-

ment of this court. On February 22, 2011, —— U.S. ——, 131 S.Ct. 1542, 179 L.Ed.2d 353, the United States Supreme Court denied McCuller's petition for certiorari. Petitioner then appealed this court's order denying his motion to dismiss the indictment pursuant to Fed. R. Crim. P. 6 violations or, in the alternative, to inspect the list of names of qualified grand jurors who voted for the indictment, and, on November 18, 2011, 454 Fed.Appx. 231, the judgment of this court was affirmed by the Fourth Circuit.

On February 27, 2012, the Petitioner filed a motion under 28 U.S.C. § 2255, which the court denied.[4] On January 3, 2013, the Petitioner appealed to the Fourth Circuit, and, on June 7, 2013, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. On November 25, 2013, Petitioner filed the instant Motion and Memorandum in Support.

## II. ANALYSIS

The instant Motion presents no coherent legal claim. To the extent the Motion is a Motion pursuant to § 2255, it is successive, because the Petitioner has already filed one such petition. Therefore, this court would lack jurisdiction to review it. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second

---

1. Because McCullers is a *pro se* petitioner, the court liberally construes the Motion. *See Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). The Petitioner filed the Motion subject to defect, which, in accordance with the court's Order Striking Pleadings of November 26, 2013, Petitioner timely corrected on December 23, 2013.

2. Petitioner has labeled his Motion as a "Commercial Habeas Corpus." The supporting affidavit requests a discharge of judgment, release of liens on real property, release of

personal property from escrow, and a certificate of a satisfaction of judgment.

3. McCuller's first trial in July, 2008, resulted in a mistrial.

4. The Motion was denied on May 29, 2012, 2012 WL 1942068, as to all claims other than Ground Six (B): Ineffective Assistance of Counsel in Plea Negotiations. On October 26, 2012, the court held an evidentiary hearing to resolve this issue, and the court denied the Motion as to Ground Six (B) on October 31, 2012.

or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Petitioner must, therefore, obtain an order from the United States Court of Appeals for the Fourth Circuit before this court will consider any successive petition under § 2255.

Moreover, Petitioner's self-prepared documents releasing his debts and obligations are insufficient to accomplish the purported goal, as there is no relief under habeas corpus,[5] or otherwise. *See generally United States v. Evans,* 540 Fed.Appx. 180 (4th Cir.2013). Additionally, to the extent the Petitioner is challenging the Final Order of Forfeiture entered and filed on October 27, 2010, that order is final and not reviewable at this juncture.

### III. CONCLUSION

For the reasons stated herein, the Motion is DENIED. The Petitioner is advised that he may appeal from this Final Order by filing, within sixty (60) days of the entry of this Final Order, a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 2400 West Avenue, Newport News, Virginia, 23607. The court declines to issue a certificate of appealability for the reasons stated herein. The Clerk is **DIRECTED** to forward a copy of this Final Order to the Petitioner and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

---

**5.** See *supra* note 2 and accompanying text.